FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 15 2020

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK DROUIN**                                                              **PLAINTIFF**

vs.                                        Case No. 4:20-cv-838-KGB

**WALMART INC.** This case assigned to District Judge Baker          **DEFENDANT**
and to Magistrate Judge Ray

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Mark Drouin, by and through his attorney Chris Burks of WH LAW, and for his Original Complaint against Walmart Inc. ("Defendant"), he hereby states and alleges as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VII of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") for discrimination on the basis of age.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADEA.

3. The acts complained of herein were committed by the Defendant based within the Eastern District of Arkansas, Central Division, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

4. Plaintiff Mark Drouin ("Mr. Drouin") is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

5. At all times material herein, Mr. Drouin was entitled to the rights, protections, and benefits provided under the ADEA.

6. At all times relevant to the allegations in this Complaint, Mr. Drouin was employed by the Defendant as a Claims Supervisor.

7. Defendant is an American multinational retail corporation that operates a chain of hypermarkets, discount department stores, and grocery stores, headquartered in Bentonville, Arkansas.

8. Defendant's Registered Agent for service of process is The Corporation Company, whose address is 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

9. Defendant is an "employer" within the meanings set forth in the ADEA, and was, at all times relevant to the allegations in this Complaint, Mr. Drouin's employer.

10. At all times relevant to this action, Defendant was an employer subject to the anti-discrimination provisions of the ADEA.

## III. FACTUAL ALLEGATIONS

11. Mr. Drouin repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Mr. Drouin, who is now fifty-eight (58) years old, was the fourth person hired by Defendant on December 15, 1987, at the hometown Walmart in Mountain View,

Arkansas. He is one of a handful of associates who stayed loyal to Defendant for decades to help its Mountain View location grow into a supercenter.

13. Mr. Drouin began his life-long career with Defendant as a "DSD Receiving Manager." His worth was quickly realized by Sam Walton himself, who in 1989 had a private, fifteen-minute conversation with him in which he expressed how proud he was of the job Mr. Drouin was doing. During that conversation, Mr. Walton shared his hopes that Mr. Drouin would stay with the company, which he did for the next thirty years.

14. Building on his success, Mr. Drouin became a Claims Associate on October 4, 1997, and a Claims Supervisor on February 28, 2009. As evidenced by his track record for promotions, he consistently received positive job appraisals and evaluations. For years Mr. Drouin was among the very few at his store recognized by Defendant as a "Role Model Associate."

15. In addition to the positive reviews of his performance, Mr. Drouin received many awards from Defendant in recognition of his dedication to Defendant. A photograph of these awards is attached hereto as **Exhibit 1**.

16. Notably, in recognition of Mr. Drouin's knowledge within the company and the exceptional department that he maintained, he was chosen to become part of the District Team, which was charged with the responsibility of traveling to other stores in his District to perform performance reviews.

17. However, once Mr. Drouin reached a certain age, he was targeted by one Mr. Baker, an employee of Defendant and Mr. Drouin's superior in rank, who began to gin up charges to pressure Mr. Drouin to retire.

18. More specifically, Mr. Baker, and by default, Defendant intentionally misrepresented Mr. Drouin's job performance, fabricated stories about Mr. Drouin's work attendance, openly ridiculed Mr. Drouin for his proximity to retirement age, and even went so far as to violate company policy when firing Mr. Drouin.

19. Upon information and belief, Mr. Baker intentionally misrepresented Plaintiff's job performance by stating that Plaintiff regularly failed to complete his assigned tasks. These allegations are false. Rather, Plaintiff was consistently called upon to assist claims clerks and supervisors when they needed assistance, going above and beyond his duties.

20. Upon information and belief, Mr. Baker falsely claimed that on November 2, 2018, Assistant Store Manager Darie Loggins issued a "written coaching" regarding Mr. Drouin's performance. You must receive three verbal "coachings" to get a written coaching. The November 2, 2018, coaching was a verbal coaching—Plaintiff's first in 30 years.

21. Upon information and belief, Mr. Baker fabricated stories about Mr. Drouin's work attendance and falsely claimed that Plaintiff's attendance at work was "inconsistent at best." Mr. Drouin attended work as scheduled. If he needed to take time off, he did so through the proper channels and notified Defendant ahead of time.

22. Upon information and belief, Mr. Baker falsely claimed that Mr. Drouin would come in early and leave as he pleased. Under Defendant's policies, if Mr. Drouin had done so, he would have accrued a "point" for every such occasion, leading to his termination much sooner. Any of Mr. Drouin's absences were approved by Defendant and FMLA.

23. Upon information and belief, Defendant falsely claimed that Mr. Drouin agreed to work on a Sunday and then intentionally missed his scheduled shift. Mr. Drouin worked Monday through Friday for 32 years. He reviewed his work schedule three times prior to the Sunday in question and did not see that he was scheduled to work. Doug Killian, a claims associate, also looked at Mr. Drouin's schedule that week and did not see that he was scheduled to work on Sunday. Mr. Drouin asserts that Mr. Baker likely changed his schedule Friday after he went home. Notably, the following week, Mr. Baker openly ridiculed and taunted Mr. Drouin for his non-attendance by summoning him to his office over the store intercom. Mr. Baker's actions were out of the ordinary and were rooted in his desire to embarrass Plaintiff and ultimately have Plaintiff relieved of his duties.

24. Upon information and belief, in the final six months of his employment, Mr. Baker openly ridiculed Mr. Drouin for his proximity to retirement age. Mr. Drouin was asked numerous times by members of management when he was going to retire. When asked, Mr. Drouin responded that he is only 58, that he has two daughters in college and a wife with a disability, and that he could not retire until he was at least 65. On

at least one occasion, Mr. Baker addressed Mr. Drouin in front of his coworkers and stated, "You can retire anytime."

25. Finally, upon information and belief, Mr. Baker violated company policy when he fired Mr. Drouin on August 28, 2019, without a second member of management present in the room. It is a standard policy to have a second member present as a witness. Notably, on Mr. Drouin's last performance evaluation, Mr. Baker indicated that Mr. Drouin's presence was keeping Doug Killian, a younger employee, from reaching his full potential. This statement clearly indicates Mr. Baker's desire and intent to have Mr. Drouin forced out and replaced by someone younger.

26. Mr. Drouin's employment was ended as a direct result of discrimination on the basis of his age and Defendant's intentional and willful disparate treatment of its older employees in the workplace.

27. Defendant wrongfully terminated Mr. Drouin with the intention of having a younger person, Mr. Doug Killian, fill Mr. Drouin's position. This is evidenced by Mr. Baker's statement, above, regarding Mr. Drouin's alleged keeping Mr. Killian from "reaching his potential." Mr. Baker may argue that this is not the case, as Mr. Killian did not fill Mr. Drouin's position after his termination; however, Mr. Killian quit for his own reasons shortly after Mr. Drouin was terminated. By the calculated efforts of Defendant, an employee comparable in age to Mr. Drouin later took Mr. Drouin's position.

28. As evidenced above, Mr. Drouin was more than qualified to do his job but was wrongfully terminated because of his age.

29. The loss of Plaintiff's job has created tremendous financial hardship on Plaintiff's family. Plaintiff lost seven years of income and all of the gains that he would have made in his 401k as Plaintiff had to roll it over into an IRA. These were the most important years of Plaintiff's 401k due to the compounded interest.

## IV.   CAUSE OF ACTION

### (Violations of ADEA Anti-Discrimination Provision)

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiff brings this action against Defendant under the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621 *et seq.* ("ADEA")

32. At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA.

33. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of the ADEA.

34. At all relevant times, Defendant has engaged in unlawful employment practices against Plaintiff within the meaning of 29 U.S.C. § 623.

35. Defendant, through its agents and employees, including Plaintiff's supervisor(s), intentionally and willfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's age.

36. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

37.     Plaintiff's employment with Defendant was ended as a direct result of Defendant's intentional and willful discriminatory policies and procedures that adversely affect older workers.

38.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that he had been discriminated against by Defendant on the basis of his age.

39.     Plaintiff received a right to sue letter, and Plaintiff is within his ninety (90) days to file suit against Defendant.

40.     As a result of Defendant's violations of the ADEA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees, and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Mark Drouin respectfully prays as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.     For an order of this Honorable Court entering judgment in his favor against Defendant, for his actual economic damages in an amount to be determined at trial, and compensation for wages lost;

C.     For punitive damages;

D.     For attorney's fees, costs, pre-judgment interest; and

E.  For such other and further relief as this Court deems necessary, just and proper.

>Respectfully submitted,
>
>**MARK DROUIN,**
>**PLAINTIFF**
>
>WH LAW, PLLC
>1 Riverfront Pl. – Suite 745
>North Little Rock, AR 72114
>(501) 891–6000

By: _____
Chris W. Burks (ABN: 2010207)
chris@wh.law